UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NADIST, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:06CV969 CDP |
| | ) |
| THE DOE RUN RESOURCES | ) |
| CORP., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Nadist claims that its property has been contaminated by hazardous waste from Doe Run's Sweetwater Mine and Mill and seeks relief under three federal environmental protection statutes. Doe Run moves to dismiss the complaint because Nadist did not comply with the notice-and-delay provisions of these statutes before filing suit. Doe Run also complains that Nadist has not adequately pleaded the elements of some of its claims. Nadist contends that it was excused from the statutory pre-filing requirements and asserts that its complaint meets federal notice pleading requirements. After careful review, I will deny Doe Run's motion to dismiss.

### Standards Governing Motions to Dismiss

A plaintiff's complaint "should not be dismissed for failure to state a claim

unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Alexander v. Peffer, 993 F.2d 1348, 1349 (8th Cir. 1993) (holding that a motion to dismiss should be granted as a practical matter only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The court must review the complaint in the light most favorable to the plaintiff and take all well-pleaded allegations as true to determine whether the plaintiff is entitled to relief. See Conley, 355 U.S. at 45-46. The complaint should not be dismissed "merely because the court doubts that a plaintiff will be able to prove all the necessary factual allegations." Krentz v. Robertson Fire Protection Dist., 228 F.3d 897, 905 (8th Cir. 2000) (quoting Parnes v. Gateway 2000, Inc., 122 F.3d 539, 546 (8th Cir. 1997). Under these standards, I review Nadist's complaint.

## Factual Allegations

Doe Run owns and operates the Sweetwater Mine and Mill, a lead and zinc mine and mill in Viburnum, Missouri. According to the complaint, Doe Run

generates ore concentrate[1], which contains toxic substances including lead, and then ships it on haul trucks. Nadist owns property near the mill. Count I of the complaint alleges that Doe Run is violating Subchapter III of the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. § 6901 et seq., by abandoning ore concentrate on property owned by Doe Run and Nadist and then refusing to clean it up and remove it using proper haulers and manifests. Count II of the complaint alleges that Doe Run is violating RCRA by improperly handling solid waste materials generated during the processing of ore concentrate at the mill. In Count III, Nadist contends that Doe Run is violating the Clean Water Act (CWA), 33 U.S.C. § 1251 et seq., by allowing the discharge of toxic pollutants into nearby creeks from unregulated point sources and by discharging toxins into those creeks at levels which exceed the mill's discharge permit. Count IV of the complaint alleges that Doe Run is violating the Clean Air Act (CAA), 42 U.S.C. § 7401 et seq., by discharging lead-contaminated dust from its hauling trucks and exceeding the levels allowed under its air emissions permit. Counts V through VIII of the complaint are state-law claims for trespass, nuisance, and specific performance of a contract.

---

[1]Doe Run claims that the substance is called lead concentrate, not ore concentrate. For purposes of this motion, I will refer to the substance as it is pleaded in the complaint.

## Discussion

Doe Run first moves to dismiss the complaint because Nadist did not comply with the notice-and-delay provisions (ranging from 60 to 90 days) in the three federal environmental statutes at issue. Under RCRA, a person filing a citizen suit must provide written notice 90 days before filing suit. 42 U.S.C. § 6972(b)(2)(A). However, the notice-and-delay provision does not apply if the suit is brought under Subchapter III of RCRA, which governs hazardous waste treatment, storage and disposal. Id. Because Nadist has pleaded Subchapter III violations in Count I of the complaint, it is excused from complying with the notice-and-delay provision as long as it has stated a claim under RCRA. It has, so the motion to dismiss for failing to comply with RCRA's notice-and-delay provision will be denied.

Doe Run argues that Nadist cannot state a RCRA Subchapter III claim against it because ore concentrate is not subject to regulation under the statute. Under RCRA's citizen suit provision, Nadist may bring a claim "against any person . . . who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment." 42 U.S.C. § 6972(a)(1)(B). Hazardous waste is defined as

follows:

> A solid waste, or combination of solid wastes, which because of its quantity, concentration, or physical, chemical, or infectious characteristics may-
>
> (A) cause, or significantly contribute to an increase in mortality or an increase in serious irreversible, or incapacitating reversible, illness; or
>
> (B) pose a substantial present or potential hazard to human health or the environment when improperly treated, stored, transported, or disposed of, or otherwise managed.

42 U.S.C. § 6903(5). Virgin material is not waste and is defined by the statute as "raw material, including previously unused copper, aluminum, lead, zinc, iron, or other metal or metal ore, any undeveloped resource that is, or with new technology will become, a source of raw materials." 42 U.S.C. § 6903 (35).

Doe Run argues that ore concentrate is either virgin material or, if it is a waste, it is not hazardous waste subject to Subchapter III regulation. In support of its position, Doe Run points to the statutory definition of virgin material and Subchapter III regulations which exclude "solid waste from the beneficiation of ores and minerals" from the definition of hazardous waste. See 40 C.F.R. § 261.4(b)(7) ("The following solid wastes are not hazardous wastes: . . . (7) solid waste from the extraction [and] beneficiation . . . of ores and minerals . . . ."). In opposition to dismissal, Nadist contends that it has sufficiently pleaded a

Subsection III violation and that the issue of whether ore concentrate is virgin material or hazardous waste cannot be decided at this stage of the proceedings. I agree. Contrary to Doe Run's assertions, it is not apparent from a mere review of the statute and regulations that ore concentrate is either virgin material or exempt from the definition of hazardous waste. Therefore, at this time I must accept as true Nadist's allegations that ore concentrate is hazardous waste subject to Subchapter III regulation. The crux of Doe Run's argument is really that Nadist will be unable to prove a Subchapter III violation. However, this is not the standard I apply to determine whether the claim survives dismissal. Because the complaint sufficiently states a Subchapter III claim, Nadist is excused from complying with the notice-and-delay provisions of RCRA. The motion to dismiss Count I of the complaint will be denied.

The CWA and the CAA also have notice-and-delay provisions, and Doe Run argues for the dismissal of Counts III and IV for Nadist's failure to comply with them. Doe Run also contends that Count II of the complaint should be dismissed because it is not a Subchapter III claim and remains subject to the notice-and-delay provisions of RCRA. Nadist responds that it is excused from the notice-and-delay provisions of these statutes because it has filed a hybrid complaint.

In Dague v. City of Burlington, 935 F.2d 1343, 1352 (2d Cir. 1991), rev'd in part on other grounds, 505 U.S. 557 (1992), the Second Circuit Court of Appeals held that if the complaint alleges a RCRA Subchapter III violation and also includes other "closely related" statutory claims with notice-and-delay provisions, then the plaintiff is entitled to proceed immediately on all claims in the so-called hybrid complaint. The court reasoned that if a hybrid complaint did not trigger the exception to the delay period for all claims, then plaintiffs would be forced to postpone the filing of their hazardous waste claim (which Congress intended to be brought without delay) or to seek amendment once the other delay periods expired. Id. at 1351-52. Although this issue has not been addressed by the Eighth Circuit Court of Appeals, other courts — including the Seventh and Ninth Circuit Courts of Appeal — have adopted the reasoning of Dague. See AM International Inc. v. Datacard Corp., 106 F.3d 1342, 1351 (7th Cir. 1997) (non-Subchapter III RCRA claim part of hybrid complaint); Covington v. Jefferson County, 358 F.3d 626, 637 (9th Cir. 2004) (CAA part of hybrid complaint); Aiello v. Town of Brookhaven, 136 F. Supp.2d 81, 117 (E.D.N.Y. 2001 ) (CWA claim part of hybrid complaint). I also find the reasoning of the Dague court to be persuasive and conclude that Nadist is excused from all notice-and-delay provisions because it has stated a RCRA Subchapter III claim that is "closely

related" to the remaining statutory claims. Accordingly, Doe Run's motion to dismiss Counts II through IV of the complaint will be denied.

Finally, Doe Run asserts that Nadist has failed to state claims under the CAA and the CWA because the complaint does not identify specific standards or limitations that have allegedly been violated. This argument is meritless. The CAA authorizes a citizen suit against a person "who is alleged to have violated . . . or to be in violation of (A) an emission standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation." 42 U.S.C. § 7604. Similarly, the CWA permits a citizen suit against a person "who is alleged to be in violation of (A) an effluent standard or limitation under this Act or (B) an order issued by the Administrator or a State with respect to such a standard or limitation." 33 U.S.C. § 1365(a). Nadist's allegations that Doe Run has discharged contaminants and emissions without permits and in excess of permitted levels are sufficient to state claims under both statutes. See 33 U.S.C. § 1365(f)(1) (alleged discharges without permit and in excess of permit level in violation of 33 U.S.C. § 1311 are violations of effluent standards or limitations under CWA); 42 U.S.C. § 7604(f)(4) (alleged discharges from non-permitted source and in excess of permitted level are violations of emission standards or limitations under CAA). The motion to dismiss will be

denied.

Doe Run also requested that I decline jurisdiction over Nadist's state-law claims if I dismissed the federal claims. Because I am not dismissing the federal claims, I will deny the request.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss [#14] is denied.

By separate order this case will be set for a Rule 16 scheduling conference.

 

 

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of January, 2007.