UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NADIST, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:06CV969 CDP |
| | ) |
| THE DOE RUN RESOURCES | ) |
| CORP., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before me on a motion to dismiss Count III of the third-party complaint filed by third-party defendants Leo and Kay Drey. According to the Dreys, the negligence claim pleaded in Count III of Doe Run's third-party complaint fails to state a claim because it is barred by Missouri's statute of limitations. The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. The court must assume all factual allegations of the complaint are true and must construe those allegations in favor of the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326 (1989). "The motion will succeed or fail based upon the allegations contained in the face of the complaint." McAuley v. Federal Ins. Co., 500 F.3d 784, 787 (8th Cir. 2007) (internal citations and quotation marks omitted). However, the factual allegations in the complaint

must be more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). After careful review of the pleadings, the Drey's motion will be denied because Doe Run has pleaded sufficient facts which, if proven true, would entitle it to relief on Count III of the third-party complaint.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss [#76] is denied.

**IT IS FURTHER ORDERED** that the motion for oral argument on the motion for protective order [#80-2] is granted, and a hearing on defendants' motion for protective order [#83] will be held on **Wednesday, March 12, 2008 at 11 a.m.** in Courtroom 14-South. No additional briefing is permitted, but the parties are expected to continue working toward a resolution of this issue, and will be required to report at the start of the hearing on their additional good faith efforts to resolve this issue.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of March, 2008.