UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NADIST, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:06CV969 CDP ) |
| THE DOE RUN RESOURCES CORP., et al., | ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before me on the State of Missouri's motion to intervene. Missouri seeks to intervene under Federal Rule of Civil Procedure 24(a)(2), as of right, and also seeks permissive intervention pursuant to Rule 24(b). Rule 24 states in pertinent part:

(a) On timely motion, the court must permit anyone to intervene who:

(1) is given an unconditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

(b)(1) On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute;

> or (B) has a claim or defense that shares with the main action a common question of law or fact.
>
> (2) On timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on:(A) a statute or executive order administered by the officer or agency; or (B) any regulation, order, requirement, or agreement issued or made under the statute or executive order.

Fed. R. Civ. P. 24(a) and (b).

Nadist supports Missouri's motion to intervene. Doe Run opposes the motion on the ground that it is untimely. Doe Run does not dispute that Missouri otherwise meets the standards for intervention under Rule 24. If timely, Missouri is permitted to intervene in this action under Rule 24(b) because it -- and its Department of Natural Resources -- is charged with enforcement of the environmental laws in this state, including those already at issue in this case, and is authorized to bring suit to do so. See Mo. Rev. Stat. § 640.010; 33 U.S.C. §§ 1319, 1362(5), 1365(a), (g); 42 U.S.C. §§ 6903(15), 6926, 6941, 6972, 7602(e), 7604, 7410, 7411(c), 9607(f). Moreover Missouri's proposed claims (with the exception of the CERCLA claim) are the same as those already being pursued in this case, and all claims necessarily share many common factual and legal issues.

However, the first requirement of Rule 24 is that motions to intervene be "timely." See NAACP v. New York, 413 U.S. 345, 365 (1973) ("Whether

intervention be claimed of right or as permissive, it is at once apparent, from the initial words of both Rule 24(a) and Rule 24(b), that the application must be 'timely.' "). "Among the considerations that bear on the question of timeliness are how far the litigation had progressed at the time of the motion for intervention, the prospective intervenor's prior knowledge of the pending action, the reason for the delay in seeking intervention, and the likelihood of prejudice to the parties in the action." Arrow v. Gambler's Supply, Inc., 55 F.3d 407, 409 (8th Cir. 1995). Finally, I must keep "in mind that Rule 24 should be liberally construed with all doubts resolved in favor of the proposed intervenor." South Dakota ex rel. Barnett v. U.S. Dep't of Interior, 317 F.3d 783, 785 (8th Cir. 2003).

Although Missouri certainly could have moved to intervene in this action much earlier than it did, after careful consideration of all the relevant factors I will exercise my discretion and permit intervention in this case. Although this case has been pending since 2006, it has not progressed according to the deadlines set out in the case management order. Instead, discovery has been contentious and protracted (to say the least), leading me to vacate all pending deadlines and consider appointment of a Special Master to manage these issues. Much discovery remains to be done, including resolution of numerous pending motions to compel. Even if Missouri is not permitted to intervene, a new case management order (with a new

trial date) will need to be issued. This is not a case where the parties have completed discovery and are merely awaiting trial such that intervention would unnecessarily delay the proceedings. Given the procedural history of this case and the current state of the record, I do not believe that the intervention of Missouri will unduly prejudice Doe Run by significantly delaying or overly complicating this action.[1]

Doe Run's best argument against intervention is that Missouri does not have a very good explanation for waiting so long to seek leave to intervene. Missouri was notified of this suit before it was filed, but it waited two years to move for intervention. Because I was concerned about this issue, I asked Missouri to explain the basis for its delay. Missouri responded that it has now moved to intervene because it has new information that leads it to believe that intervention is warranted. This is a sufficient explanation for the delay, so I do not find that the motion to intervene is untimely. For these reasons, the motion to intervene will granted.

Accordingly,

**IT IS HEREBY ORDERED** that the State of Missouri's motion to intervene [#109] is granted.

---

[1] Of course, Missouri must bear an equal share of the costs associated with prosecuting this complex case, including the costs of appointment of a Special Master. Missouri's request for allocation of costs (basically to all parties except itself) will be denied.

**IT IS FURTHER ORDERED** that intervenor-plaintiff's complaint for injunctive and other relief [#109-A] is deemed filed as of this date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 17th day of October, 2008.