UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NADIST, LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06CV969 CDP |
| | ) | |
| THE DOE RUN RESOURCES | ) | |
| CORP., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

I previously asked the parties to inform me of their positions on the appointment of a Special Master in this case. The appointment of a Special Master would provide the parties with a streamlined resolution of discovery and scheduling disputes and would reduce the expense and delay inherent in filing multiple discovery motions with the Court. The parties have consented to the appointment of a Special Master, and I now find that the appointment of a Special Master is necessary to complete discovery in this case.

Although all parties have agreed that appointment of a Special Master is appropriate, they did not all agree on a candidate. After reviewing the parties' submissions, I have asked Richard Sher to take the assignment of Special Master overseeing the discovery process and scheduling issues in this case. Mr. Sher is

among those suggested by the various parties.  He has provided me with the affidavit required by Rule 53(b)(3)(A), Fed. R. Civ. P. stating that there is no grounds for his disqualification as Special Master under 28 U.S.C. § 455.

The State of Missouri, which has recently been granted leave to intervene as a plaintiff in this case, asks that the costs of the Special Master be assessed only against those parties directly involved in any discovery dispute.  This request will be denied.  Missouri voluntarily intervened in this action as a plaintiff, promising to be bound by the record and the discovery already conducted between the parties, and must therefore share an equal responsibility for the costs associated with appointing a Special Master.  Doe Run suggests that one-fourth of the costs should be borne by Nadist and the Dreys, one-fourth by the Doe Run defendants, one-forth by Industrial Holding Corporation, and one-fourth by the State of Missouri.  However, I believe that Missouri's interests are more properly aligned with Nadist and the Dreys, so together they shall bear one-third of the costs associated with the appointment of the Special Master, with the Doe Run defendants bearing one-third of the costs, and Industrial Holding Corporation the remaining one-third.  However, the allocation of costs is subject to revision as described below.

Accordingly,

**IT IS HEREBY ORDERED** that I appoint Richard Sher as Special Master to preside over all scheduling and discovery issues in this matter.

1.      Mr. Sher shall proceed with all reasonable diligence in his position as Special Master.  In the execution of this reference the Special Master shall possess and may exercise, to the extent permitted by law, Federal Rule of Civil Procedure 53, and the United States Constitution, all powers to make such orders as may be necessary and appropriate to fulfill the duties assigned to the Special Master under this Memorandum and Order, subject to review by the Court.

2.      The Special Master shall supervise discovery, consider arguments of the parties, and issue orders and reports appropriate to resolve all discovery disputes in this case.

3.      The Special Master shall take all steps necessary, including: issuing scheduling orders; issuing orders to compel; holding periodic hearings; and imposing sanctions as may be appropriate and authorized under Fed. R. Civ. P. 53(c), to ensure that discovery in this case is thorough and complete in accordance with all the requirements of the Federal Rules of Civil Procedure, the Orders of this Court, and the law.  The parties and their counsel shall provide the Special Master with their full cooperation including making available to the Special Master any facilities, files, databases, or documents that the Special Master

requires to fulfill his function.

4.     The Special Master shall resolve any current and future discovery disputes between the parties.

5.     The Special Master may communicate *ex parte* with the Court on any matter.  He may communicate *ex parte* with the parties to address procedural issues; to obtain information from the parties' counsel regarding scheduling and hearing agendas; and to discuss the merits of a particular dispute, for the purpose of resolving that dispute, but only with the prior permission of the opposing counsel involved.

6.     The Special Master shall report to the Court on all matters within his jurisdiction within 60 days of the date of this Order, and shall periodically report to the Court on the progress of discovery in this case.

7.     The Special Master shall abide by the Stipulated Protective Order entered in this case on June 29, 2007 [#41] and shall sign a copy of Attachment A of the Protective Order and file it with the Court.  Upon filing Attachment A the Special Master shall be provided access to any confidential or classified documents under seal in this matter.

8.     Any party may object to any order or report issued by the Special Master by filing a written objection with the Court within 7 days of the issuance of

such order or report.  Any response to such objection must be in writing and filed within 7 days of the filing of the objection.  Fact findings of the Special Master will be reviewed by the Court for clear error.  All legal conclusions of the Special Master will be reviewed *de novo* and all procedural rulings of the Special Master will be reviewed for an abuse of discretion.  Failure to file a timely objection may waive the right to object.

9.     This referral to the Special Master is limited to the duties specified herein unless the Court shall expand the duties.  This reference shall terminate upon the submission by the Special Master of his Final Report, unless extended by further order of the Court.

10.     The Special Master shall receive compensation for his services herein at the hourly rate of $400.  The Special Master's fees and other costs incurred by the Special Master in connection with this reference shall be allocated as follows: one-third to be paid by the State of Missouri, Nadist and the Dreys; one-third paid by the Doe Run defendants; and one-third paid by Industrial Holding Corporation. I grant the Special Master the right to recommend to me a reallocation between the parties of his fees and expenses based upon the parties' compliance with the discovery process.

11.     The Special Master shall maintain his billing records of time spent on

this matter, documents received from the parties, and copies of his orders and reports.

12.    The Clerk of Court shall provide Special Master Sher with complete access to the electronic court file without charge.

13.    This Memorandum and Order is subject to amendment by the Court *sua sponte*, upon application of the parties, or upon application of the Special Master.  Jurisdiction of this action is retained by the Court.

14.    Mr. Sher's contact information is: Richard P. Sher, Devereux Murphy, LLC, 190 Carondelet Plaza, Suite 1100, St. Louis, Missouri 63105-1694, (314) 721-1516.

**IT IS FURTHER ORDERED** that the State of Missouri's motion for allocation of costs [#168] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th  day of November, 2008.