UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NADIST, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:06CV969 CDP |
| | ) |
| THE DOE RUN RESOURCES | ) |
| CORP., et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This case involves the operation of the Sweetwater Mine and Mill, a lead and zinc mine and mill in Viburnum, Missouri. Doe Run owns and operates the Sweetwater Mine and Mill. Nadist owns property underlying and adjoining the mill. Before Nadist, Leo and Kay Drey owned the property and entered into a mineral lease granting Ozark Lead Company the right to mine the property in exchange for royalty payments. The lease also contains a right of first refusal in favor of the lessee if the lessor wants to sell the property.[1] Doe Run purchased

---

[1]The lease provides in relevant part as follows:

In the event Lessors desire to sell the whole or part of the Premises, they will not sell the same to third parties without first offering such whole or part, as the case may be, to Lessee, by written notice served personally or by registered mail, at the same price and on the same terms offered by a bona fide purchaser thereof, or if such bona fide purchaser's offer includes an offer to exchange property for the whole or a part of the Premises, then Lessee shall have the right to meet such offer by considering the appraised value of the property offered in exchange as an

the mine and mill in 1998 and assumed the rights and obligations under the lease at that time.[2] In 2004, the Dreys transferred their ownership interest in the land underlying and adjoining the mine and mill to Nadist. Before doing so, the Dreys did not offer Doe Run the right to purchase the property. In its third-party complaint against the Dreys, Doe Run seeks specific performance of the right of first refusal provision in the lease and damages for breach of the lease. Doe Run also brings a counterclaim against Nadist for specific performance of the right of first refusal provision in the lease.

Nadist and the Dreys seek summary judgment on Doe Run's claims relating to the right of first refusal, contending that the provision was not triggered by the transfer of the property from the Dreys to Nadist because it was not an arms-length sale. Nadist and the Dreys also argue that Doe Run is not entitled to specific performance because it waived its right to enforce the right of first refusal by paying royalty payments to Nadist after the transfer. Doe Run opposes summary judgment, contending that factual disputes remain about the nature of the property transfer. It also argues that it was never notified that the transfer was a sale that

---

element of price to be matched by Lessee in money . . . The provisions of [this paragraph] shall not apply to a sale to a member of either of Lessor's immediate family including his or her spouse and descendants.

[2]The chain of ownership is not relevant for purposes of this motion and will not be restated herein, but it is set out in the parties' briefs relating to the pending motions.

would have triggered the right of first refusal.

Having reviewed the record in light of the relevant standards, I conclude that the motions for partial summary judgment must be denied. Genuine disputes of material fact preclude entry of summary judgment on Doe Run's claims against Nadist and the Dreys, who have not demonstrated that they are entitled to judgment as a matter of law.[3]

**IT IS HEREBY ORDERED** that the motions for summary judgment [# 203, 206] are denied.

**IT IS FURTHER ORDERED** that the State of Missouri's unopposed motion to amend [#241] is granted, and the Amended Complaint is deemed filed today.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 26th day of August, 2009.

---

[3] Although this is not the reason I denied the motions, both parties' motion papers are deficient. Nadist and the Dreys make factual assertions that are not supported by the evidence provided, and Doe Run did not even file some of the exhibits it relies on. Counsel are cautioned that I expect better of them in the future.