UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NADIST, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:06CV969 CDP |
| | ) |
| THE DOE RUN RESOURCES | ) |
| CORP., et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before me on Nadist's motion for leave to file a second amended complaint. Nadist seeks leave to assert new claims against the Doe Run defendants for public nuisance, breach of contract, negligence, and strict liability. Nadist also seeks leave to join three new parties, DR Acquisition Corp., the Renco Group, Inc. and Ira L. Rennert as defendants. The Doe Run defendants oppose amendment, arguing that leave to amend should be denied as untimely, unduly prejudicial, and futile. After careful consideration, the motion will be granted.

Under Federal Rule of Civil Procedure 15, a court should grant leave to amend freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing

party." Amrine v. Brooks, 522 F.3d 823, 833 (8th Cir. 2008) (internal quotation marks and citation omitted). The party opposing the amendment has the burden of demonstrating the amendment would be unfairly prejudicial. Roberson v. Hayti Police Dept., 241 F.3d 992, 995 (8th Cir. 2001). Where leave is required, there is no absolute right to amend. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008). Whether to grant a motion for leave to amend is within the discretion of the Court. Popoalii v. Correctional Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008).

Doe Run first argues the motion is untimely because Nadist "was aware of the relationship" between the Doe Run defendants, DRAC, Renco, and Rennert when Nadist filed this action in 2006. Although the motion to amend was brought around three years after the complaint was filed, it was timely filed in accordance with the governing case management orders, which set September 15, 2009 as the presumptive deadline to join parties and January 15, 2010 as the presumptive deadline to amend pleadings. While not dispositive, this fact requires me to consider the motion under the more liberal standard of Federal Rule of Civil Procedure 15 instead of applying the more stringent "good cause" standard of Rule 16. See id. at 497. It also means that the amendment of pleadings and the joinder of parties at this date was within the contemplation of the parties and the Court

when the case management orders were issued. Nadist responds that it did not unduly delay the filing of its motion because, although it was "aware of the relationship" between Doe Run, DRAC, Renco, and Rennert, it only became aware of the factual basis to support their joinder as defendants through the discovery process in this case. The same is true of the facts supporting Nadist's new claims brought against Doe Run. Although this case is already more than three years old, I cannot say that the motion for leave was untimely filed under the circumstances of this case.

Doe Run also argues that it would be unduly prejudiced by amendment. Doe Run points to the fact that the parties are scheduled to take 40 depositions before the year-end discovery deadline. Yet as Nadist notes, many of these depositions were delayed or rescheduled due to Doe Run's failure to timely produce documents. Doe Run also complains that many of its witnesses will be subjected to inquiries about Renco and Rennert if amendment is allowed. However, this is not an appropriate basis upon which to deny amendment. Doe Run may object and, if necessary, file appropriate motions to be heard by the Special Master if Nadist is abusing the discovery process or failing to comply with the Federal Rules of Civil Procedure during depositions. However, I cannot deny amendment merely because Doe Run finds this line of questioning tedious. Doe Run also

points out that the number of depositions may increase if amendment is permitted. While this may be true, given the current procedural posture and complexity of the case, I cannot say that increasing the number of depositions serves as a sufficient basis to deny leave to amend.

The most compelling argument Doe Run makes in opposition to amendment is that the addition of new parties will slow the already glacial pace of this case. Undoubtedly, the new parties and their counsel will require some time to familiarize themselves with the factual and procedural history of this case. However, I expect counsel for all parties to expedite this process by providing copies of pleadings and access to documents, etc., to any new attorneys who may enter this case. If it becomes necessary to depose certain witnesses again because of the amendment, the Special Master is empowered to enter any orders that may be required in the interests of justice and fairness to all parties, and I leave those issues to him. In addition, the parties may raise the issue of extensions of time to complete discovery with the Special Master if the current deadlines prove unworkable after amendment. No trial date has been set, and the parties are currently set for a scheduling conference before the Special Master on January 18, 2009. In light of my decision to permit amendment, the parties would be wise to file any motions for extensions of discovery deadlines well before this date so that

the issue will be ripe for decision by the Special Master at that conference.

Doe Run also contends that Nadist's proposed amendment would be futile. Leave to amend "may be denied if an amendment would be futile." Stricker v. Union Planters Bank, N.A., 436 F.3d 875, 878 (8th Cir. 2006). However, a motion to amend should be denied on the merits "only if it asserts clearly frivolous claims or defenses ." Gamma-10 Plastics, Inc. v. American President Lines, Ltd., 32 F.3d 1244, 1255-56 (8th Cir. 1994) (internal quotation marks and citations omitted). "Likelihood of success on the new claim is no basis for denying an amendment unless the claim asserted therein is clearly frivolous." Id. at 1256 (internal citation omitted).

Having carefully considered the proposed amendment in light of the relevant standards, I find that Doe Run has failed to meet its burden of showing that it would be legally futile to allow Nadist to file its proposed second amended complaint. To comply with Rule 8 of the Federal Rules of Civil Procedure and to survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Although it is unclear whether Nadist will ultimately prevail on the claims asserted in the proposed second amended complaint, this is not the appropriate stage of the litigation to make such a determination. Nadist's proposed amendment meets the pleading requirements of Fed. R. Civ. P. 8 and cannot be said to be futile for failing to state claims against the defendants.

Finally, Doe Run has filed a motion for leave to file a sur-reply in opposition to Nadist's motion for leave to amend. I do not normally permit a party to file a sur-reply. In this case I have considered Doe Run's sur-reply but it does not alter my decision. I do note, however, that the parties' briefs have become unnecessarily hostile. I expect the attorneys appearing in this case to demean themselves professionally at all times, including in written briefs. Nadist filed its motion to amend within the time permitted by the case management order, and Doe Run has failed to demonstrate that leave to amend should be denied as untimely, unduly prejudicial, or futile.

Accordingly,

**IT IS HEREBY ORDERED** that the motion for leave to file second amended complaint [#250] is granted, and the second amended complaint is deemed filed as of this date.

**IT IS FURTHER ORDERED** that the motion for leave to file a sur-reply

[#272] is granted.

Plaintiffs are reminded of their obligation to effect timely service on the newly added defendants.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 30th day of October, 2009.